## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**COLLEEN DENNIS,**

     **Plaintiff,**

**v.**                                **Case No.:**

**COMENITY BANK,**

                                   **<u>DEMAND FOR JURY TRIAL</u>**

     **Defendant.**

_____/

## <u>PLAINTIFF'S COMPLAINT</u>
## <u>WITH INJUNCTIVE RELIEF SOUGHT</u>

     **COMES NOW**, Plaintiff, **COLLEEN DENNIS** ("Ms. Dennis" or "Plaintiff"),

by and through the undersigned counsel, and hereby sues and files this Complaint and

Demand for Jury Trial with Injunctive Relief Sought against Defendant, **COMENITY**

**BANK** ("Defendant") and in support thereof states as follows:

### *<u>Introduction</u>*

1. This action arises out of a "Debt" or "Consumer Debt" as defined by Fla. Stat. §

    559.55 (6) and Defendant's violations of the Restrictions on Use of Telephone

    Equipment, 47 U.S.C. § 227 et. seq. ("TCPA") and the Florida Consumer Collection

    Practices Act, Fla. Stat. § 559.72 et. seq. ("FCCPA"), in attempting to collect such

    Debt by calling with such frequency as can reasonably be expected to harass Ms.

    Dennis and calling Ms. Dennis' cellular telephone after she expressly revoked

    consent for Defendant to place such calls.

### *Jurisdiction and Venue*

2. This Court has subject matter jurisdiction over the instant case under 28 U.S.C. §1331.

3. Jurisdiction of this Court also arises under Fla. Stat. § 559.77(1).

4. Venue lies in this District pursuant to 28 U.S.C. § 1391(d), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

5. Plaintiff, Ms. Dennis, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55(8).

6. Ms. Dennis is the regular user and subscriber of the cellular telephone number 727-***-2055 ("Ms. Dennis' Cellular Telephone"), and thereby is the "called party" as referenced in the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

7. At all times material hereto, Defendant was and is an active bank with its headquarters located at One Righter Parkway, Suite 100, Wilmington, DE 19803.

### *Statements of Fact*

8. Ms. Dennis opened a credit card account with Victoria's Secret through Defendant.

9. Around January of 2015, Ms. Dennis fell behind on her payments towards the Account, incurring an outstanding balance ("Debt").

10. In February of 2015, Defendant began placing calls to Ms. Dennis' Cellular Telephone.

11. Ms. Dennis answered at least one of Defendant's first few calls and demanded that Defendant stop calling her.

12. Despite Ms. Dennis' request for Defendant's calls to stop, Defendant continued to call Ms. Dennis' Cellular Telephone in attempts to collect the Debt.

13. Specifically, Defendant called Ms. Dennis' Cellular Telephone at least one-hundred and twenty-two (122) times during the time period of February 28, 2015 to May 4, 2015.

14. Defendant called Ms. Dennis' Cellular Telephone from at least four different phone numbers, including, but not limited to: 720-456-3688, 614-729-5607, 720-456-3689, and 720-456-3687.

15. Ms. Dennis has been harassed by Defendant's calls due to the frequency and timing of each of the calls.

16. All of Defendant's calls to Ms. Dennis' Cellular Telephone were placed in an attempt to collect the Debt.

### *Count 1: Violation of the Telephone Consumer Protection Act*

17. Ms. Dennis re-alleges paragraphs 1-16 and incorporates the same herein by reference.

18. The Restrictions on Use of Telephone Equipment provision, 47 U.S.C. § 227(b)(1) prohibits any person

> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial prerecorded voice – (iii) to any telephone number assigned to a paging service, cellular telephone service, . . . or any service for which the called party is charged for the call.

19. Ms. Dennis revoked consent to have the Defendant call her Cellular Telephone by the use of an automatic telephone dialing system ("ATDS") or artificial voice or prerecorded message in or around February of 2015 when she demanded that Defendant stop calling her Cellular Telephone.

20. Despite this revocation of consent, Defendant thereafter called Ms. Dennis' Cellular Telephone at least one-hundred twenty-two (122) times.

21. Defendant did not place any emergency calls to Ms. Dennis' Cellular Telephone.

22. Defendant willfully and knowingly placed non-emergency calls to Ms. Dennis' Cellular Telephone.

23. Ms. Dennis knew that Defendant called Ms. Dennis' Cellular Telephone using an ATDS because she heard a pause when she answered at least one of the first few calls from Defendant on her cellular telephone before a live representative of Defendant came on the line.

24. Ms. Dennis knew that Defendant called Ms. Dennis' Cellular Telephone using a prerecorded voice because Defendant left Ms. Dennis at least one voicemail using a prerecorded voice.

25. Defendant used an ATDS when it placed at least one call to Ms. Dennis' Cellular Telephone.

26. Defendant used an ATDS when it placed at least twenty calls to Ms. Dennis' Cellular Telephone.

27. Defendant used an ATDS when it placed at least fifty calls to Ms. Dennis' Cellular Telephone.

28. Defendant used an ATDS when it placed all calls to Ms. Dennis' Cellular Telephone.

29. At least one call that Defendant placed to Ms. Dennis' Cellular Telephone was made using a telephone dialing system that has the capacity to store telephone numbers to be called.

30. At least one call that Defendant placed to Ms. Dennis' Cellular Telephone was made using a telephone dialing system that has the capacity to produce telephone numbers to be called without human intervention.

31. At least one call that Defendant placed to Ms. Dennis' Cellular Telephone was made using a telephone dialing system that uses a random number generator.

32. At least one call that Defendant placed to Ms. Dennis' Cellular Telephone was made using a telephone dialing system that uses a sequential number generator.

33. At least one call that Defendant placed to Ms. Dennis' Cellular Telephone was made using a prerecorded voice.

34. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message to place call individuals to collect alleged debts from said individuals, such as Ms. Dennis, for its financial gain.

35. Defendant has corporate policies and procedures in place that permit it to use an ATDS or artificial voice or prerecorded message, and to place calls to individuals using such devices, just as it did to Ms. Dennis' Cellular Telephone, with no way for the called party and recipient of the calls to permit, elect, or invoke the removal of the called party and recipient of the calls' cellular telephone number from Defendant's call list.

36. The structure of Defendant's corporate policies and/or procedures permits the continuation of calls to individuals like Ms. Dennis, despite individuals like Ms. Dennis revoking any consent that Defendant believes it may have to place such calls.

37. Defendant knowingly employs methods and has corporate policies and procedures that do not permit the cessation or suppression of calls placed using an ATDS to individual's cellular telephones, like the calls that it placed to Ms. Dennis' Cellular Telephone.

38. Defendant has corporate policies to abuse and harass consumers like Ms. Dennis despite having actual knowledge that they are calling the wrong person and that the called person does not wish to be called.

39. Defendant's phone calls harmed Ms. Dennis by trespassing upon and interfering with Ms. Dennis' rights and interests in her Cellular Telephone line.

40. Defendant's phone calls harmed Ms. Dennis by wasting her time.

41. Defendant's phone calls harmed Ms. Dennis by being a nuisance and causing her aggravation.

42. Defendant's phone calls harmed Ms. Dennis by causing a risk of personal injury to Ms. Dennis due to interruption and distraction.

43. Defendant's phone calls harmed Ms. Dennis by invading her privacy.

44. All conditions precedent to this action have occurred.

   **WHEREFORE,** Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a.   Awarding statutory damages as provided by 47 U.S.C. § 227(b)(3)(B), which allows for $500 in damages for each such violation;

    b.   Awarding treble damages pursuant to 47 U.S.C. § 227(b)(3)(C);

    c.   Awarding Plaintiff costs;

    d.   Ordering an injunction preventing further wrongful contact by the Defendant; and

    e.   Any other and further relief as this Court deems equitable.

### ***Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")***

45. Ms. Dennis re-alleges paragraphs 1-16 and incorporates the same herein by reference.

46. Defendant violated the FCCPA. Defendant's violations include, but are not limited to, the following:

    a.   Defendant violated Fla. Stat. § 559.72(7) by willfully calling Ms. Dennis' Cellular Telephone repeatedly and continuously after Ms. Dennis demanded that Defendant's calls stop, which can reasonably be expected to abuse or harass Ms. Dennis.

47. As a result of the above violation of the FCCPA, Ms. Dennis has been subjected to unwarranted and illegal collection activities and harassment for which she has been damaged.

48. Defendant's actions have damaged Ms. Dennis by invading her privacy.

49. Defendant's actions have damaged Ms. Dennis by causing her emotional distress.

50. Defendant's actions have damaged Ms. Dennis by causing her embarrassment.

51. Defendant's actions have damaged Ms. Dennis by causing her stress.

52. Defendant's actions have damaged Ms. Dennis by causing her aggravation.

53. Defendant's actions have damaged Ms. Dennis by harming her reputation.

54. It has been necessary for Ms. Dennis to retain the undersigned counsel to prosecute the instant action, for which she is obligated to pay a reasonable attorney's fee.

55. All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Defendant as follows:

    a.  Awarding statutory damages as provided by § 559.77 Fla. Stat.;

    b.  Awarding actual damages;

    c.  Awarding punitive damages;

    d.  Awarding costs and attorneys' fees;

    e.  Ordering an injunction preventing further wrongful contact by the Defendant; and

    f.  Any other and further relief as this Court deems equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, **COLLEEN DENNIS**, demands a trial by jury on all issues so triable.

Respectfully submitted this **August 21, 2017**,

/s/ Michael A. Ziegler
Michael A. Ziegler, Esq.
Florida Bar No. 74864
mike@zieglerlawoffice.com

/s/ Kaelyn Steinkraus
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@zieglerlawoffice.com

Law Office of Michael A. Ziegler, P.L.
13575 58th Street North, Suite 129
Clearwater, FL 33760
(p)  (727) 538-4188
(f)  (727) 362-4778
Attorneys and Trial Counsel for Plaintiff